IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARNAVI SpA, | ) | CASE NO. 1:08-cv-00389 SLR |
| | ) | |
| Plaintiff, | ) | JUDGE: SUE L. ROBINSON |
| | ) | |
| vs. | ) | |
| | ) | **MOTION TO DISMISS OF** |
| DONALD P. KEEHAN, et al., | ) | **ADVANCED POLYMER** |
| | ) | **COATINGS, LTD.** |
| Defendant. | ) | |

Advanced Polymer Coatings, Ltd., one of the Defendants in this action, moves this Court to dismiss Plaintiff's complaint because Plaintiff has failed to set forth facts showing diversity jurisdiction and has filed this action in an improper venue. Support for this motion is set forth in the attached brief.

Respectfully submitted,

JOHN M. MANOS (0014360)
JOHN M. MANOS CO. LPA.
739 East 140th Street
Cleveland, Ohio 44110
Telephone:   (216) 681-1818
Facsimile:   (216) 681-1810
Email:        *john@manosco.com*
Counsel for Defendant,
   Advanced Polymer Coatings, Ltd.

**Plaintiff's Diversity Allegations**

Marnavi SpA, an Italian corporation, commenced this action claiming to be the agent of Jilmar Shipping, S.A. Jilmar Shipping, S.A. is the owner of a shipping tanker registered under the laws of Panama.

Advanced Polymer Coatings, Ltd. is a limited liability company organized under the laws of Delaware. (Complaint ¶15). Plaintiff's complaint does not address the identities of the members of Advanced Polymer Coatings, Ltd. or their respective residences. The citizenship of a limited liability company is determined by the citizenship of its members. *Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51 (1st Cir 2006). Federal jurisdiction is not presumed, it must be pleaded with particularity. "It is fundamental that a complaint must affirmatively allege subject matter jurisdiction and that absent a properly pleaded basis for federal jurisdiction the complaint must be dismissed. *Equitable Life Assurance Soc. V. Alexander Grant & Co.*, 627 F. Supp 1023, 1025. For federal jurisdiction to exist, there must be complete diversity between the Plaintiff and each of the members of Advanced Polymer Coatings, Ltd. Based upon the jurisdictional allegations made by Plaintiff, federal jurisdiction is not presented. Plaintiff's complaint should be dismissed for lack of jurisdiction.

**Venue**

The residence of the Defendants is also determinative of venue. Plaintiff relies upon the general diversity statute for venue, 28 U.S.C §1391. Under this statute, (a) civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may be otherwise brought.  28 U.S.C. §1391(a).

The venue rules apply to all forms of action; there is no distinction between claims arising in contract and tort claims.  *Uffner v. LaReunion Francaise* 244 F.3d 38 (1st Cir 2001).  "[A] motion to dismiss for improper venue under rule 12(b)(3) raises a quintessential legal question—where is venue proper?—even to the extent that it may be fact-specific."  *Gulf Insurance Co. v. Glasbrenner*, 417 F.3d 353 (2nd Cir 2005).  Accepting the allegations of Plaintiff's complaint as true, venue in Delaware is not proper.

The targets of Plaintiff's complaint are Donald and Arlene Keehan, fertile entrepreneurs who have six children and an even greater number of businesses.  (Plaintiff's complaint ¶s 19 through 39).  Plaintiff asserts that Donald Keehan and Arlene Keehan are residents of Ohio and/or Florida.  (Id. ¶18).  Plaintiff alleges that the Keehans and their children have business interests in four limited liability companies doing business in Ohio (Id. ¶s 15, 21, 22, 26, 28), a limited liability company in the United Kingdom (Id. ¶30), a Mexican corporation (Id. ¶34), and business lines in Turkey and China (Id. ¶s 36, 37).  The thread that allegedly connects the Keehans to Delaware is that Donald Keehan incorporated Advanced Polymer Sciences, Inc. ("APS") in Delaware in 1986.  (Id. ¶45).

Applying §1391(a) to the facts is relatively straightforward. Subsection (1) has no application because not all of the Defendants reside in the same state. Subsection (3) is inapplicable because Plaintiff could have brought this action in Ohio where the Keehans reside and Advanced Polymer Coatings, Ltd. does business. That leaves only subsection (2) as a basis for venue in Delaware. For this case to be properly venued in this judicial district, a substantial part of the events or omissions giving rise to the claim must have occurred in Delaware.

None of the events or omissions addressed in Plaintiff's complaint occurred in Delaware. Plaintiff contracted with APS and an Italian shipyard to have the tanks on its ship painted with APS coatings in 1997. (Complaint ¶s 47-54). The contract contained an arbitration clause designating London, England as the venue. (Id. ¶65). In December 2001 Plaintiff filed a demand for arbitration, claiming that the APS coating had not performed as warranted. (Id. ¶s 67, 68). While the arbitration was proceeding, APS' secured lender initiated a court supervised liquidation of APS' assets. (Id. ¶s 81, 96, 103). Advanced Polymer Coatings, Ltd. made an offer to the court appointed receiver to purchase the physical assets of APS for $500,000. (Id. ¶101). Donald and Arlene Keehan offered to purchase the intangible assets of APS for $100,000. (Id. ¶102). On February 6, 2004 the Lorain County, Ohio Court of Common Pleas approved the liquidation sale. (Id. ¶103). APS' status as a Delaware corporation became void. (Id. ¶14).

The arbitration Plaintiff had commenced in London proceeded without APS' participation. On November 11, 2005 the arbitrator entered an award in Plaintiff's favor. (Id. ¶71). Plaintiff has commenced this action claiming that Advanced Polymer

Coatings, Ltd. and Donald and Arlene Keehan should be held liable for the arbitration award entered against APS. Plaintiff asserts that Advanced Polymer Coatings, Ltd. and Donald and Arlene Keehan should be deemed the alter egos of APS because they acquired the assets of APS in Ohio. ((Id. ¶s 90, 94). Plaintiff also asserts that Advanced Polymer Coatings, Ltd. is leasing the same Ohio manufacturing facility that APS had leased before its liquidation. (Id. ¶s 104-105).

Accepting Plaintiff's allegations as true, the only district where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred is the northern district of Ohio. This is the district where APS did business, it is the district in which APS was placed in receivership and liquidated, it is the district in which Advanced Polymer Coatings, Ltd. does business, and it is the district where Donald and Arlene Keehan are claimed to reside. Delaware is not a proper venue. Plaintiff's complaint should be dismissed.

## Conclusion

Because Plaintiff has failed to articulate a basis for federal jurisdiction and has initiated this action in an improper venue, Advanced Polymer Coatings, Ltd. requests that the complaint be dismissed.

Respectfully submitted,

JOHN M. MANOS (0014360)
JOHN M. MANOS CO. LPA
739 East 140th Street
Cleveland, Ohio 44110
Telephone:   (216) 681-1818
Facsimile:    (216) 681-1810
E-mail:         john@manosco.com
Counsel for Defendant,
    Advanced Polymer Coatings, Ltd.

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Motion to Dismiss of Advanced Polymer Coatings, Ltd. has been served by First Class U.S. Mail, postage prepaid, this _18_ day of July, 2008, to the following: Frederick B. Rosner, Esq., Duane Morris LLP, 1100 North Market Street, Suite 1200, Wilmington, DE 19081, and Claude D. Montgomery, Esq., Salans, 620 Fifth Avenue, Rockefeller Center, New York, NY 10020, Attorneys for Plaintiff.

JOHN M. MANOS