IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARNARVI SpA, as agent for JILMAR SHIPPING S.A., | ) ) ) |
| Plaintiff, | ) ) C.A. No.1:08-cv-00389 SLR |
| v. | ) ) ) |
| DONALD P. KEEHAN, ARLENE KEEHAN, ADVANCED POLYMER SCIENCES, INC., ADVANCED POLYMER COATINGS, LTD F/K/A ADVANCED POLYMER COATINGS, LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

**ADVANCED POLYMER COATINGS, LTD.'S REPLY BRIEF IN SUPPORT OF THE MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OVER THE SUBJECT MATTER AND IMPROPER VENUE**

Advanced Polymer Coatings, Ltd. ("Coatings") moved this Court to dismiss Plaintiff's complaint based upon deficiencies in the jurisdictional allegations made and the absence of venue in the District of Delaware. The jurisdictional deficiency was Plaintiff's assertion that Coatings was formed under Delaware's limited liability company act without asserting the residency of its members. Plaintiff alleged that Coatings is or was a subsidiary of Advanced Polymer Sciences, Inc. ("APS"), a Delaware corporation (Complaint ¶ 15). Plaintiff recites, correctly, that APS was liquidated in 2004 pursuant to an Ohio Court supervised receivership. (Complaint ¶ 96-103). Plaintiff further asserts, again correctly, that APS' Delaware corporate charter lapsed following its liquidation in Ohio. (Complaint ¶ 14). Accepting Plaintiff's allegations as true, Coatings is a limited liability company with no members. And since the citizenship of a limited liability company is determined by the citizenship of its members, Plaintiff's complaint failed to

assert diversity jurisdiction. *Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51 (1st Cir. 2006).

In its Answering Brief, Plaintiff now wants to assert that the membership interests in Coatings were issued to Donald and Arlene Keehan, both Ohio residents. Clearly, Coatings cannot be both a subsidiary of a defunct Delaware corporation and at the same time be owned by Ohio residents. Had Plaintiff alleged that Coatings' membership interests were issued to Donald and Arlene Keehan, Coatings would not have challenged diversity jurisdiction. The burden is upon the Plaintiff to properly plead federal jurisdiction. Conclusory allegations will not suffice.

Had Plaintiff alleged that Coatings' members resided in Ohio, then Coatings is to be considered a resident of Ohio. The other two defendants in this case are Donald and Arlene Keehan. Both of these defendants are alleged to also be Ohio residents. Since all of the defendants reside in the same state, then an action based solely upon diversity should be brought in Ohio where all defendants reside. 28 U.S.C. § 1391(a)(1). Coatings challenged venue in Delaware because none of the parties reside in Delaware or conduct any business within the state.

Coatings does not challenge this Court's personal jurisdiction over it. Coatings was formed under Delaware law and renews its charter every year. Coatings has a statutory agent residing in Delaware, as required by statute. Plaintiff argues that venue is also proper in any judicial district in which a substantial part of the events giving rise to the complaint occurred. 28 U.S.C. § 1391(a)(2). Plaintiff equates the test for personal jurisdiction with the test for venue and argues that venue is proper in Delaware because Coatings was formed under Delaware law. It is erroneous for a court to treat the statute's

"substantial part" test for venue as mirroring the minimum contacts test employed in personal jurisdiction inquiries. *Gulf Insurance Co. v. Glasbrenner*, 417 F.3d 353 (2d Cir. 2005). For venue to be proper, significant events material to Plaintiff's claim must have occurred in Delaware. *Id.*

A Plaintiff's choice of a proper venue is to be respected. "However, the current statutory language [of Section 1391] still favors the Defendant in a venue dispute by requiring that the events or omissions supporting a claim be 'substantial.' Elements or omissions that might only have some tangential connection with the dispute in litigation are not enough." *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291 (3d Cir. 1994). In assessing whether actions are substantial, it is necessary to look at the nature of the dispute and the facts upon which Plaintiff bases its claims. *Id.*

Plaintiff's Answering brief does not address its causes of action, only the relief which it is seeking. Plaintiff seeks to pierce APS' corporate veil to hold its sole shareholder personally liable for APS' contractual obligations. Plaintiff also asks that Coatings be held liable for APS' contractual obligations. The obvious question that presents itself is what occurred in Delaware which would justify a court imposing corporate contractual obligations upon a shareholder and/or a limited liability company formed after the contract had been entered into. Coatings does not dispute the objective factual allegations of Plaintiff's complaint. The facts are all matters of public record or are known to Plaintiff because of its business dealings with APS. The facts alleged by Plaintiff and accepted by Coatings as true for purposes of this motion are being set forth in chronological fashion.

3

APS was incorporated under Delaware's corporate law in 1986. APS was 100% owned by Arlene Keehan. APS operated out of a building in Avon, Ohio owned by Arlene Keehan and her husband, Donald Keehan. Mr. and Mrs. Keehan have six adult children. At various times all of the children worked for APS. All Keehans live in Ohio. Donald Keehan is a self educated polymer engineer who has been issued numerous patents for resin and catalyst systems which can be used in the manufacture of a wide range of products. APS enjoyed a royalty-free license to utilize Donald Keehan's patents.

One product which could be made using Mr. Keehan's patents was an industrial coating with high abrasion and corrosion resistance. In 1997 APS, a shipyard in Italy called Cantiere, and Jilmar Shipping S.A., the owner of the chemical tanker "Joran", entered into a collaborative agreement for the shipyard to apply APS coatings to several of Joran's mild carbon steel cargo tanks with the goal of qualifying the Joran to carry cargos such as acids. APS was to supply the coating and observe the shipyard's application work to ensure that it was applied per APS recommended procedures. Upon completion of the work, APS was to issue its certification to the appropriate regulatory bodies that the Joran was fit to carry mineral acids.

The collaborative agreement was signed on July 28, 1997. The application work was performed in Italy the following year. On September 28, 1998 APS certified the application work and the Joran was placed in service. The cargo tanks which had been coated by Cantiere with APS coatings were inspected in February 1999. The inspection revealed that the coating had delaminated from the steel substrate. Each party to the collaborative agreement reached a different conclusion about what had caused the coating

to delaminate and which party should bear financial responsibility for recoating the tanks. The collaboration agreement required all disputes to be resolved through arbitration in London, England. Jilmar Shipping initiated arbitration proceedings in December 2001.

In October 1997 Coatings was formed under Delaware's recently enacted limited liability company laws. In January 1998 membership interests were issued to Keehan family members. One of the Keehan's children, Denise Keehan, registered the company to do business in Ohio as Advanced Polymer Coatings, Ltd. Coatings marketed and sold protective coatings manufactured by APS. In this proceeding, Jilmar Shipping contends that the transfer of the coating line sales function from APS to Coatings in January 1998 was for less than adequate consideration.

In 2000 APS established a 2 million dollar credit facility with Bank One N.A. of Cleveland, Ohio to provide working capital for APS' ongoing manufacturing operations. APS business deteriorated during the recession which followed 9/11. In November 2002 Bank One revoked its credit facility and demanded payment in full from APS. When APS was unable to clear its lines of credit, Bank One confessed judgment and placed APS in court supervised liquidation. On January 2, 2003 the Court of Common Pleas of Lorain County, Ohio placed APS under the control of a receiver. The receiver chose not to further participate in the London arbitration with Jilmar Shipping. The receiver also chose not to renew APS' charter in Delaware. The APS Delaware charter is now void.

Coatings began using APS' coating manufacturing equipment after the receiver was appointed. The receiver brought this fact to the Court's attention, with the ultimate resolution being that Coatings agreed to pay the receiver $500,000 for the APS manufacturing assets. Arlene Keehan and Donald Keehan agreed to pay the receiver

$100,000 for any and all intangibles owned by APS. On February 6, 2004 the Court of Common Pleas for Lorain County, Ohio approved the complete liquidation of APS. With its charter voided and all its assets sold, APS ceased to exist. Two years later, on November 11, 2005, Jilmar obtained an uncontested arbitration award against a non-existent corporation.

Upon these undisputed facts there is no valid basis for venue in Delaware. Plaintiff has not alleged that there is anything unique to Delaware corporate law which makes incorporation in Delaware an element of any of its causes of action. Formation of a corporation or limited liability company is permitted throughout the United States. Although incorporated under Delaware law, the only state APS was registered to conduct business in was Ohio. Coatings is also registered to do business in Ohio. APS had as its sole shareholder an Ohio resident. Coatings' numerous members all resided in Ohio. All contracts entered into by APS originated through actions of APS employees in Ohio. All actions taken by Coatings have been carried out by its employees in Ohio. These are the objective facts set forth in Plaintiff's complaint.

Plaintiff does not address any of the elements of any of the claims it is asserting in this action. Plaintiff asserts repeatedly, in conclusory fashion, that Donald and Arlene Keehan have abused Delaware's corporate laws. In what respect the law was abused is never addressed by Plaintiff. There is not even a suggestion that the acts of abuse occurred anywhere other than Ohio. Plaintiff's own pleadings belie its claim that any of the alleged acts of corporate abuse occurred in Delaware. APS' and Coatings' sole place of business was Ohio. None of the shareholders of APS or members of Coatings have any connection with Delaware beyond owning stock or membership interests in Delaware

companies. No significant acts or omissions supporting Plaintiff's causes of action occurred in Delaware.

The only cause of action in the complaint which is addressed in Plaintiff's Answering Brief is its waste claim. Plaintiff asserts that it filed suit shortly before the expiration of the statute of limitations for this claim. The waste claim is asserted against Donald and Arlene Keehan based upon their failure to pay registration fees necessary to maintain Donald Keehan's patents. (Complaint ¶ 163-166). Not renewing the patents caused the patents owned by Donald Keehan to lapse. It is unclear what interest Plaintiff claims in the patents, but it is absolutely clear this cause of action has no connection to this forum.

As an alternative, Plaintiff suggests that venue is proper in Delaware because it has filed an action to have the arbitration award against APS domesticated in Delaware. The problem with Plaintiff's argument is that APS is no longer a Delaware corporation and none of its assets are located in Delaware. The assets of APS were sold in February 2004 by a court appointed receiver in Ohio. The asset sale was approved by the Court of Common Pleas for Lorain County, Ohio. If Plaintiff seeks to challenge the validity and effectiveness of the asset sale, the proper venue is in the Court which ordered and approved the sale.

All the events relevant to Plaintiff's complaint involve actions taken in Ohio by Ohio residents. All evidence is physically located in Ohio. The physical assets which Plaintiff seeks to reach are located in Ohio. The court appointed receiver who identified all of the assets of APS and then sold them to satisfy APS' contractual obligations is

located in Ohio. It makes no sense for the venue statute to be manipulated in order to litigate this case in Delaware.

WHEREFORE, Advanced Polymer Coatings, Ltd. requests that this Court dismiss Plaintiff's Complaint in its entirety.

                                                 **CROSS & SIMON, LLC**

_____
Richard H. Cross, Jr. (No. 3576)
Tara M. DiRocco (No. 4699)
913 North Market Street, 11th Floor
P. O. Box 1380
Wilmington, DE 19899-1380
302-777-4200
302-777-4224 (facsimile)
rcross@crosslaw.com
tdirocco@crosslaw.com
*Attorneys for Defendants Donald P. Keehan, Arlene Keehan, Advanced Polymer Sciences, Inc., and Advanced Polymer Coating, Ltd.*

*Of Counsel:*

John M. Manos (0014360)
JOHN M. MANOS CO. LPA
739 East 140th Street
Cleveland, Ohio 44110

**CERTIFICATE OF SERVICE**

I, Tara M. DiRocco, hereby certify that on August 12, 2008, a true and correct copy of *Advanced Polymer Coatings, Ltd.'s Reply Brief in Support of the Motion to Dismiss for Lack of Personal Jurisdiction Over the Subject Matter and Improper Venue* was served upon counsel in the manner indicated:

**VIA ELECTRONIC NOTICE**

Frederick Brian Rosner, Esquire
Matthew Neiderman, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801

_____
Tara M. DiRocco (No. 4699)