## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARNAVI SpA, as agent for
JILMAR SHIPPING S.A.,

          Plaintiff,

    v.

DONALD P. KEEHAN, ARLENE KEEHAN,
ADVANCED POLYMER SCIENCES, INC.,
ADVANCED POLYMER COATINGS, LTD
f/k/a ADVANCED POLYMER COATINGS LLC,

          Defendants.

Civ. No. 08-00389-SLR-LPS

## REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS

Pending before me is the Motion to Dismiss (Docket Item ("D.I.") 3 and, hereinafter,

"Motion") filed by Defendant Advanced Polymer Coatings, Ltd. ("APC"). For the reasons

discussed, I find that dismissal would be inappropriate here. Accordingly, I recommend denial of

APC's Motion.[1]

## I.      THE PARTIES' CONTENTIONS

By its Motion, APC seeks dismissal of the complaint (D.I. 1) filed on June 25, 2008 by

Marnavi SpA, as agent for Jilmar Shipping, S.A. ("Plaintiff" or "Marnavi"), on the grounds that

Plaintiff has failed to set forth facts showing diversity jurisdiction and has filed this action in an

improper venue. While the Complaint alleges that APC is a Delaware limited liability company,

---

[1]Pursuant to the February 18, 2009 referral order (D.I. 36) and 28 U.S.C. § 636, my
authority with respect to case-dispositive motions is limited to issuing a Report and
Recommendation. I held oral argument on the Motion on April 27, 2009. Thereafter, the parties
engaged in Court-ordered jurisdictional discovery. They completed supplemental briefing on
subject matter jurisdiction and venue on June 19, 2009. (D.I. 40)

APC contends that Plaintiff does not address the identities or residences of the members of APC. Because the citizenship of a limited liability company is determined by the citizenship of its members, APC says, for federal jurisdiction to exist there must be complete diversity between the Plaintiff and each member of APC. Thus, APC continues, there is no diversity jurisdiction. Although APC "does not challenge this Court's personal jurisdiction over it" (D.I. 27 at 2), it does dispute Plaintiff's assertion that Delaware is a proper venue, contending that the requirements of the applicable statute – 28 U.S.C. § 1391(a) – are not met.

In response, Marnavi contends that diversity jurisdiction indeed exists, and that venue is appropriate in Delaware because Plaintiff's Complaint alleges misuse of Delaware business-entity laws and seeks to hold the Defendants liable for a foreign arbitration award as alter egos of each other. Plaintiff emphasizes that it has properly filed a related petition to enforce the foreign arbitration award in this district. However, should the Court determine that Delaware is not the appropriate venue for this action, Plaintiff insists the proper consequence is not dismissal but, rather, transfer of this action to the Northern District of Ohio, pursuant to 28 U.S.C. § 1406, so as to avoid any prejudice to the Plaintiff and in the interest of justice.[2] (D.I. 23 at 14; D.I. 56 at 3 n.3)

---

[2] APC concedes that venue would be appropriate in Ohio. *See, e.g.,* D.I. 3 at 5 ("Accepting Plaintiff's allegations as true, the only district where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred is the northern district of Ohio."); D.I. 53 at 4 ("The allegations of the Complaint support venue in the Northern District of Ohio."); March 27, 2009 Hearing Transcript (D.I. 57 at 10 ("The Court: So I should simply transfer everything to the Northern District of Ohio? Mr. Manos: If you want to do that, I would have no objection to that.").)

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss a complaint if the Court lacks subject matter jurisdiction over the plaintiff's claim. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the Court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply: the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.

In reviewing a factual challenge to the Court's subject matter jurisdiction, however, the Court is not confined to the allegations of the complaint, and no presumption of truthfulness attaches to the plaintiff's allegations. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The Court may consider evidence outside the pleadings, including affidavits, depositions, and testimony, to resolve any factual issues bearing on jurisdiction. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997).

### B.    Motion to Dismiss Pursuant to Rule 12(b)(3)

Federal Rule of Civil Procedure 12(b)(3) provides that a motion to dismiss may be made on the basis of improper venue. Fed. R. Civ. P. 12(b)(3). The purpose of the venue limitation, in most instances, "is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) (internal quotation marks omitted).

### C.    Motion to Transfer Pursuant to 28 U.S.C. § 1406(a)

Under appropriate circumstances, transfer of a case from one federal court to another is

3

authorized by 28 U.S.C. § 1406(a). Section 1406 provides in relevant part that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The burden of demonstrating the appropriateness of such a transfer rests with the moving party. *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 (3d Cir. 1973); *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567 (D. Del. 2001).[3]

## III.  ANALYSIS[4]

### A.  Subject Matter Jurisdiction

Jurisdictional discovery has been completed and Plaintiff has demonstrated subject matter jurisdiction under 28 U.S.C. § 1332.

Section 1332 provides in relevant part that a federal district court has original jurisdiction over any civil action in which the matter in controversy exceeds $75,000 and is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "[C]omplete diversity of citizenship must exist between the parties to invoke . . . diversity jurisdiction"

---

[3]Relevant, too, is caselaw addressing 28 U.S.C. § 1404(a), of which the Third Circuit has stated, "we think [the] rationale [of § 1406(a)] applies equally to § 1404(a), for these are companion sections, remedial in nature, enacted at the same time, and both dealing with the expeditious transfer of an action from one district or division to another." *United States v. Berkowitz*, 328 F.2d 358, 359 (3d Cir. 1964).

[4]Other than allegations regarding jurisdiction, on which the Court must make factual findings based on the record the parties have created, *see Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003) (holding that with respect to jurisdiction Court need not view evidence in light most favorable to either party), and except where otherwise indicated, all factual statements recounted in this section are based on Plaintiff's complaint, which the Court must take as true at this point.

4

pursuant to Section 1332. *Butcher & Singer, Inc. v. Kellam*, 623 F. Supp. 418, 421 (D. Del. 1985). "That is, all parties on one side of the controversy must be citizens of different states from all parties on the other side." *Id.* Plaintiff bears the burden of demonstrating that complete diversity exists. *See McCann v. Newman Irrevocable Trust,* 458 F.3d 281, 287 (3d Cir. 2006). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

It is undisputed that Plaintiff, Marnavi, is an Italian corporation with its principal place of business in Naples, Italy. (D.I. 1 at ¶¶ 11-12) In the Complaint, Plaintiff alleged upon information and belief that defendant APC is a limited liability company organized under the laws of Delaware, with a principal place of business in Ohio. (D.I. 1 at ¶15) The Complaint further recited that defendant APS was a Delaware corporation with a place of business in Ohio (D.I. 1 at ¶13), and that defendants Donald J. Keehan and Arlene H. Keehan were residents of Ohio and/or Florida (D.I. 1 at ¶¶8, 18). The Complaint also alleged that both Keehan defendants were members of APC, as were their six children, whose residences were not known to Plaintiff. (D.I. 1 at ¶123(j))

APC's motion to dismiss contends that because APC is alleged to be a limited liability company ("LLC"), Marnavi had to plead the citizenship of each of APC's members to establish diversity jurisdiction, but the Complaint failed to contain such allegations.[5] Following a hearing

---

[5] It is not necessary to decide whether APC is correct that complete diversity requires that all plaintiffs be diverse with every member of a defendant LLC. *See Polak v. Kobayashi*, 2005 WL 2008306, at *2 (D. Del. Aug. 22, 2005) ("[A] Delaware limited liability company . . . assumes the citizenship of its members . . . ."); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 586 n.1 (2004) (stating that Supreme Court has never determined whether citizenship of each member of LLC is relevant to diversity analysis).

on the Motion, the Court ordered jurisdictional discovery. Discovery revealed that APC is not an LLC but – at least at the time of the filing of the Complaint – a corporation, incorporated under the laws of the State of Delaware. (*See* D.I. 54 at 2 n.4, Exs. 2 & 4.) On November 26, 2002, the Keehans filed a certificate of conversion with the Delaware Secretary of State changing the name of "Advanced Polymer Coatings, LLC" to "Advanced Polymer Coatings, Ltd." and converting APC from a Delaware limited liability company to a Delaware corporation. (*See* D.I. 54 at Ex. 2.) Therefore, at the time of the filing of the instant suit on June 25, 2008, APC was a Delaware corporation and, hence, a Delaware citizen. (*See* D.I. 54 at Exs. 2, 3 & 4.) As APS was also a Delaware corporation, and the Keehans were residents of Florida, there is complete diversity between the Plaintiff and all of the Defendants.

APC's continued insistence that the Complaint must be dismissed for lack of diversity jurisdiction is puzzling. APC appears to believe that because the Complaint alleges APC was an LLC, but does not expressly allege the citizenship of each member of APC (since Plaintiff did not know it), the Court must dismiss the Complaint regardless of the evidence developed through jurisdictional discovery. *See* D.I. 53 at 1 (APC insisting that "[t]he only pleading before the Court for APC to address is the Plaintiff's Complaint," adding that "[w]hen APC moved to dismiss the Complaint based upon jurisdiction and venue . . . it was required to accept the allegations of the Complaint as true. APC has never admitted or denied any of the allegations made by Plaintiff and is not permitted to do so in a motion to dismiss"); *id.* at 2 ("APC does not believe that the allegations of Plaintiff's Complaint support diversity jurisdiction.") (emphasis added). This is not the law. *See Gotha*, 115 F.3d at 179. To the contrary, the Court has an ongoing obligation to determine if it has jurisdiction over a matter before it, and that examination

6

must turn on the facts, not simply the parties' pleadings. *See generally Arbaugh v. Y&H Corp.*,

546 U.S. 500, 514 (2006). Here, the Court ordered jurisdictional discovery. The evidence

developed through discovery must be considered as part of the Court's assessment of a factual

challenge to jurisdiction – and here that evidence establishes complete diversity.[6]

B.   Venue

When a Court has jurisdiction based solely on diversity of citizenship, proper venue is

established pursuant to 28 U.S.C. § 1391(a), which provides as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may,
> except as otherwise provided by law, be brought only in (1) a judicial district
> where any defendant resides, if all defendants reside in the same State, (2) a
> judicial district in which a substantial part of the events or omissions giving rise to
> the claim occurred, or a substantial part of the property that is the subject of the
> action is situated, or (3) a judicial district in which any defendant is subject to
> personal jurisdiction at the time the action is commenced, if there is no district in
> which the action may be otherwise brought.

A defendant corporation is deemed to reside "in any judicial district in which it is subject to

personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

---

[6]Although no longer relevant, the record now establishes that when APC was an LLC it
had eight members – the Keehans and their six children – and that each was a resident of Ohio,
Nevada, or Texas. (*See* D.I. 54 at 3 n.5, Exs. 2, 4 & Ex. A to Ex. 6.) Thus, there would be
complete diversity even if APC was an LLC.

There is also a suggestion in the record that, in response to this Court's orders, the
defendants have taken steps to reconfigure their form and citizenship. According to the Plaintiff:
"Exactly two weeks after this Court issued its March 17, 2009 hearing date order, (D.I. 37), the
APC's shareholders, including Donald and Arlene Keehan, authorized the creation of a new Ohio
company named Ohio Advanced Polymer Coatings, Inc., and also authorized the merger of APC
into that entity. Ex. 6-A." (D.I. 54 at 3, Ex. 6-A) Moreover, "[t]he day after the 4/27/09 Hearing,
APC's counsel, John Manos, filed a certificate of merger, merging APC with a newly-formed
Ohio corporation called Ohio Advanced Polymer Sciences, Inc., effective May 31, 2009. Exhibit
('Ex.') 1, attached hereto." (D.I. 54 at 1 n.1; *see also* Ex. 1.) Such a change in the corporate
citizenship of APC from Delaware to Ohio would not destroy diversity here.

7

Here, Plaintiff "primarily relies on § 1391(a)(2),"[7] contending that a "substantial part of the events or omissions giving rise to the claim occurred in Delaware." (D.I. 56 at 3) (internal quotation marks omitted) In particular, Plaintiff argues that "the corporate defendants all resided in Delaware at the commencement of this action and that all defendants engaged in the shape-shifting of Delaware corporate entities that form a substantial part of the events which give rise to this case." *Id.* Plaintiff is troubled that "[t]he Keehans repeatedly and systematically abused Delaware's corporate laws in a fraudulent scheme to escape its lawful obligations to Plaintiff. All of the claims in the Complaint are predicated on those acts, which were taken in Delaware and pursuant to Delaware law. None of the illegal transfers would have been possible but for the Defendants' acts in Delaware." (D.I. 23 at 10 (footnote omitted); D.I. 54 at 4 (footnote omitted)) Specifically:

> In Claims I – III Plaintiff seeks declarations that APS, APC and the Keehans are alter egos of one another, that APS and APC have engaged in a de facto merger and that APC is the mere continuation of APC. Complaint ¶¶136- 162. In Claims IV – V, Plaintiff seeks damages for the fraudulent transfer of assets from APS to APC to evade APS' obligations to Marnavi. *Id.* ¶¶163-184.

(D.I. 23 at 10 n.4) Plaintiff also notes that "while the actual transfer of assets may have occurred in Ohio . . . none of the illegal transfers would have been possible but for the actions of the Defendants in Delaware, *i.e.*, the creation of a new Delaware, entity, to be the recipient of the fraudulently transferred assets." (D.I. 23 at 10) Thus, "but for the Keehans' incorporation of several Delaware business entities, the Keehans could not have carried out their scheme to evade

---

[7]Plaintiff relies "only in the alternative on § 1391(a)(3)." (D.I. 56 at 3) But subsection (a)(3) is unavailing, as it applies "when, and only when, there is no district in which a case otherwise could be brought in accordance with the venue statutes." 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* ("FPP") § 3806.2.

their liability to Plaintiff for the damage . . . caused to the [Joran]." (D.I. 54 at 4)

APC responds that the incorporation of APC under Delaware law will not support venue in Delaware. As the Third Circuit has stated, "[e]vents or omissions that might only have some tangential connection with the dispute in litigation are not enough." *Cottman*, 36 F.3d at 294. Mostly, APC emphasizes the substantial connections the State of Ohio has to this case. *See, e.g.*, D.I. 3 at 5 ("Accepting Plaintiff's allegations as true, the only district where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred is the northern district of Ohio."); D.I. 53 at 4 ("The allegations of the Complaint support venue in the Northern District of Ohio."). For example, APC conducts business in Ohio and "is an Ohio based company. All assets which either {APS or APC] used in the conduct of its business are located in Ohio. The transfer of assets and taking of business which Plaintiff complains about occurred in Ohio." (D.I. 53 at 4; D.I. 55 at 3) In addition,

> Plaintiff seeks to hold APC, Donald Keehan and Arlene Keehan liable for APS's contractual obligations under various theories of successor liability. Plaintiff also alleges that certain fraudulent transfers of APS assets occurred. Under Delaware choice of law rules, since APS and APC both did business in Ohio, the focus of the subject matter of any dealings between APS an APC was in Ohio, and the transfer of assets occurred in Ohio, Ohio law will control Plaintiffs successor liability claims. . . . Plaintiff's fraudulent conveyance action will also be governed by Ohio law since that is where APS and APC had their principal places of business.

(D.I. 55 at 2)

The burden to prove improper venue rests on APC as the moving party. *See Myers v. American Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982). APC has failed to meet this burden since "a substantial part of the events or omissions giving rise to the [Plaintiff's] claim[s] occurred" here in Delaware. As Plaintiff explains, "[a]t its core, the Complaint alleges that the

9

Keehans misused Delaware's business entity laws to effect a continuous scheme, over ten years in duration to morph what was always essentially the same company, regardless of moniker, *i.e.* – APS, APC LLC, APC Ltd. to unlawfully evade their obligations to Marnavi." (D.I. 54 at 3) Defendants APS, APC LLC, and APC "have enjoyed the benefits and protections" of being Delaware entities, and Delaware "has an interest in litigation regarding companies [formed] within its jurisdiction." *Alcoa Inc. v. Alcan Inc.*, 2007 WL 1948821, at *4 (D. Del. July 2, 2007) (finding venue proper where, among other things, three of four defendants were incorporated in Delaware); *see also Shamrock Holdings of California, Inc. v. Arenson*, 421 F. Supp. 2d 800, 804 (D. Del. 2006) ("A single act of incorporation in Delaware will suffice to confer personal jurisdiction over a nonresident defendant if such purposeful activity in Delaware is an integral component of the total transaction to which plaintiff's cause of action relates."); *Tsoukanelis v. Country Pure Foods, Inc.*, 337 F. Supp. 2d 600, 604 (D. Del. 2004) (declining motion to transfer to Ohio, where defendant and relevant documents and witnesses were located, as defendant "voluntarily chose to incorporate in Delaware and avail itself of the laws of this State . . . [and] cannot now claim that litigation in Delaware is too burdensome and warrants a transfer of venue without putting forth more than the argument that Ohio is a 'more convenient forum for it'"); *Argos v. Orthotec LLC*, 304 F. Supp. 2d 591, 598 (D. Del. 2004) ("[G]iven [a Delaware company's] choice for incorporation, the court finds that it voluntarily exposed itself to the possibility of litigation in Delaware . . . [and] cannot now attempt to shield itself from litigation in this forum by arguing that no conduct occurred in Delaware, that no injury was felt in Delaware, and that deposition and trial in Delaware would involve additional expense.").

An instructive case is *CC Investors Corp. v. Raytheon Co.*, 2003 WL 22937748, at *2 (D.

10

Del. Nov. 25, 2003), in which the Court found venue to be proper after concluding that the
defendants were incorporated in Delaware, that the Court had personal jurisdiction over the
defendants, and that the plaintiff's cause of action related to how the defendant had capitalized a
Delaware entity. Likewise, here, the corporate Defendants are Delaware entities, jurisdiction has
been established (and personal jurisdiction is not disputed), and the Plaintiff's claims arise from
allegations that Defendants have misused Delaware's entity-formation laws and protections. *See*
*Traynor v. Liu*, 495 F. Supp. 2d 444, 451 (D. Del. 2007) ("When material acts or omissions
within the forum bear a close nexus to the claims, they are properly deemed 'significant' and,
thus, substantial . . . .").

Even accepting Defendants' contention that the Northern District of Ohio has a greater
relationship to the parties' disputes, that would not, itself, satisfy Defendants' burden to show
that venue is improper here. The "substantiality" test "'does not require a majority of the events
to take place here, nor that the challenged forum be the best forum for the lawsuit to be venued.'"
*Traynor*, 495 F.Supp. 2d at 450 (quoting *Park Inn Int'l v. Mody Enters., Inc.*, 105 F. Supp. 2d
379, 376 (D.N.J. 2000)). It is possible for venue to be proper in more than one district. *See* 14D
FPP § 3806.1 n.9 (citing cases). Fundamentally, the issue at stake in applying the
"substantiality" test is whether a defendant is being "haled into a remote district having no real
relationship to the dispute." *Traynor*, 495 F. Supp. 2d at 450 (internal quotation marks omitted).
Here, that is not happening, particularly given that Defendants chose to make use of Delaware's
entity-formation statutes. In the instant circumstances, it would be inappropriate to disturb
Plaintiff's choice of (a proper) venue. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d
Cir. 1995).

11

## IV.    CONCLUSION

For the reasons set forth above, I recommend that APC's Motion (D.I. 3) be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R.

Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections

**of no longer than ten (10) pages within ten (10) days after being served with a copy of this**

**Report and Recommendation**.  Fed. R. Civ. P. 72(b).  The failure of a party to object to legal

conclusions may result in the loss of the right to de novo review in the district court.  *See*

*Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 Fed.

Appx. 924, 925 n.1 (3d Cir. 2006).  **A party responding to objections may do so within ten**

**(10) days after being served with a copy of objections; such response shall not exceed ten**

**(10) pages.  No further briefing shall be permitted with respect to objections without leave**

**of the Court.**  The parties are directed to the Court's Standing Order in Non-*Pro Se* Matters For

Objections Filed Under Fed. R. Civ. P. 72, dated April 7, 2008, a copy of which is available on

the Court's website at www.ded.uscourts.gov/StandingOrdersMain.htm.

Dated: August 3, 2009

Honorable Leonard P. Stark
UNITED STATES MAGISTRATE JUDGE

12